UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI M. SELLZ MCDEMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. CV 14-954 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB"). She claims that the Administrative Law Judge ("ALJ") erred when he, among other things, found that she was not credible and when he failed to properly evaluate the medical evidence. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In March 2011, Plaintiff applied for DIB, alleging that she had been disabled since April 2009, due to fibromyalgia and pain through-

out her body. (Administrative Record ("AR") 157-59, 199.) Her application was denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. In March 2013, she appeared with counsel and testified at the hearing. (AR 52-83.) In April 2013, the ALJ issued a decision denying benefits. (AR 28-39.) She then sought review by the Appeals Council, but her request was denied. Thereafter, she commenced the instant action in this court.

### III.   ANALYSIS

A.   <u>The ALJ's Finding that Plaintiff was not Credible</u>

Plaintiff portrayed herself as someone who was almost totally incapacitated. She testified that she could only stand for three minutes, write for three to five, and sit for 30. (AR 74-75.) And she claimed that her pain was so great that she sometimes found it hard to finish her dinner because she could not handle the pressure from her fork, forcing her to resort to eating with her hands. (AR 76.) This pain also made it hard for her to change channels on a remote control. (AR 77.) Plaintiff explained that she was "homebound," meaning she did not leave the house except to go to the doctor. (AR 61.)

The ALJ found that this testimony was not credible and rejected it. Plaintiff claims that he erred in doing so. For the following reasons, the Court concludes that he did not err.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where there is no evidence of malingering, however, ALJs can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

It appears that the ALJ's primary reason for questioning Plaintiff's testimony was that it was inconsistent with other parts of her testimony and with prior reports she had submitted. (AR 38-39.) This is a valid reason for questioning her testimony, see Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001), and is supported by substantial evidence in the record. For example, the ALJ noted that, when he first asked Plaintiff when she last drove a car, she told him that she did not remember but it was certainly not in the last month; she subsequently conceded that it had been three weeks earlier. (AR 38, 60.) The ALJ also focused on the fact that, though Plaintiff claimed that it was painful to hold a fork and she could not change channels with a remote control, in a Function Report she submitted she reported that she spent her days writing emails, using the computer, and talking on the phone. (AR 38, 220.) The ALJ also took note of the fact that Plaintiff testified that she was working up until 2009 and that she reported earning $34,000 per year in 2008 and 2009 but that her earnings records did not show any earnings in 2008 and 2009, suggesting that she had failed to report her income. (AR 39, 57, 208.)[1]

The ALJ also questioned Plaintiff's testimony of disabling pain because she failed to follow prescribed treatment. (AR 37.) This is a valid reason for questioning a claimant's claims of disabling pain, Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (explaining ALJs

---

[1] The Court notes that even Plaintiff's counsel had trouble reconciling this conflict, explaining to the Appeals Council: "The claimant stopped full time work in 2006 due to pain in her shoulder, although she continued to do part time work and was on the payroll until 2009, although she stopped getting paychecks in 2007." (AR 146.)

3

may consider unexplained or inadequately explained failure to seek treatment or follow prescribed courses of treatment), and is supported by the record. Plaintiff was advised by her doctor to undergo physical therapy. This involved reporting to a physical therapist for physical therapy instructions and then performing the various exercises and stretches at home. (AR 496-508.) Plaintiff went to physical therapy five times, reporting to her therapist at the fourth session that the exercises were helping reduce her pain and stiffness. (AR 500.) Following the fifth session, however, she called her therapist and quit. (AR 498.) Plaintiff provided no explanation for doing so.

The record is replete with Plaintiff's continual refusal to take medication that her doctors believed would help relieve her pain and distress and to choose, instead, to treat her condition with fish oil and herbal supplements. (AR 581, 584, 593, 647, 649, 653.) She refused some medications because she claimed that she was allergic to them, though, as the ALJ pointed out, she had never tried many of them and would have no way of knowing whether she was allergic to them. (AR 37-38.) Plaintiff also attempted to explain away her refusal by contending that she was "pill sensitive," which she never explained or substantiated. (AR 52-56, 263, 545.)

Plaintiff was advised to see a mental health professional to determine whether her pain had a psychological cause. (AR 653.) She refused. (AR 656.)

The ALJ also questioned Plaintiff's testimony because it was not supported by objective medical evidence. (AR 32.) He noted that many of the doctors recorded relatively unremarkable findings upon examination and were unable to determine the cause of her subjective

complaints. (AR 33-37, 451-52, 579-80, 658-59.) This, too, is a valid reason for questioning a claimant's testimony. *See, e.g., Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). And it is supported by the record, even in light of the fact that Plaintiff suffered from fibromyalgia, which is generally not evidenced by objective markers. *Cf. Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir. 2004) ("The ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement." (alteration and quotation marks omitted)). Not all of Plaintiff's pain was caused by her fibromyalgia. For example, some of her complaints related to problems with her shoulders and her spine, though they may have been exacerbated by her fibromyalgia. But, even as to those ailments, there was no objective evidence supporting Plaintiff's claim of disabling pain. In the context of this case, where Plaintiff was claiming that she was unable to even hold a fork to finish dinner, the lack of objective findings is striking and the ALJ did not err in relying on that fact in questioning her veracity. For all these reasons, the ALJ's credibility finding is affirmed.

B.   <u>The Remaining Issues</u>

Plaintiff challenges the ALJ's treatment of the medical evidence, complaining that he failed to explain how he analyzed it and which doctors he relied on. In her view, because the residual functional capacity finding did not include limitations imposed by her treating doctors, the ALJ tacitly rejected those opinions without setting forth

5

a reason why, which she contends is improper under Social Security law.  For the following reasons, the Court agrees.

The ALJ summarized the treatment notes from Plaintiff's many doctors and concluded that she suffered from degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the shoulders, fibromyalgia, irritable bowel syndrome, and gastritis.  (AR 30.)  He then determined that she had the residual functional capacity to perform light work with no more than occasional pushing, pulling, and overhead reaching.  (AR 31.)

Plaintiff points out that one of her treating doctors, Dr. Galpin, found that she was limited in her ability to raise her arms to 90°, which she contends would preclude her from reaching overhead and pushing and pulling.  (Joint Stip. at 35-36.)  There is some merit to this argument.  Accepting Dr. Galpin's finding that Plaintiff was limited in her ability to raise her arms 90°, it appears that she might have trouble reaching overhead and pushing and pulling, even occasionally.  The ALJ never addressed this limitation, which was error.  *See, e.g., Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding ALJ erred by failing to include rotary movement limitation assessed by treating doctor in determining claimant's residual functional capacity).  In fact, as Plaintiff argues, he never explained which doctors he was relying on, which ones he was not, and why.  On remand, he should do so.  After he accomplishes this, he should determine whether he needs to reconsider the residual functional capacity finding and the hypothetical questions to the vocational expert.

IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: August 13, 2015.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\MCDEMAS, 954\Memo Opinion and Order.wpd